# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00022-CR

**Kevin Lee Benner, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 53,543, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kevin Lee Benner pleaded guilty to aggravated assault with a deadly weapon. Tex. Pen. Code Ann. § 22.02 (West 2003). There was no plea bargain, and the court assessed punishment at imprisonment for eighteen years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). In addition, appellant exercised his right to file a pro se brief.

The evidence shows that appellant has a history of violence against women. On the occasion giving rise to this prosecution, appellant, who was intoxicated, argued with the complainant. They struggled and he hit her. When the complainant ordered appellant out of the house, he pulled a .22-caliber revolver and pointed it at her. The gun went off, and the bullet struck the complainant between her right eye and the bridge of her nose. Despite appellant's conduct toward her, the complainant testified that she believed he should be placed on probation.

In his pro se brief, appellant complains that his trial counsel did not render effective assistance. Specifically, appellant claims that he did not knowingly plead guilty because his attorney did not explain the elements of the offense to him and because his attorney did not properly investigate the facts of the case. These allegations are not supported by the record. Appellant refers us to an affidavit by the complainant attached to his brief in which she states that she believes the shooting was an accident. Affidavits and other documents attached to appellate briefs are not evidence, however, and may not be considered on appellate review. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981).

Again citing the complainant's affidavit, appellant further contends in his pro se brief that the evidence of guilt is factually insufficient to sustain the finding of guilt. This contention presents nothing for review because the affidavit is not in evidence.

Finally, appellant contends his attorney on appeal was ineffective because he did not raise the issue of appellant's innocence as shown by the complainant's affidavit. Once again, this contention relies on facts not in evidence. Appellate counsel cannot be faulted for failing to present the complainant's affidavit on appeal, because the appellate record cannot be supplemented with

2

material that was not introduced at trial. *See Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).

As appellant himself acknowledges in his pro se brief, the record in most direct appeals is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). That is the case here.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed:   August 14, 2003

Do Not Publish

3