11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Kimberly Kay Doyel

Appellant

Vs.                   No.
11-03-00045-CR B Appeal from Dallas County

State of Texas

Appellee

 

The trial
court convicted Kimberly Kay Doyel of the Class B misdemeanor offense of
possession of marihuana and assessed her punishment at confinement in the
Dallas County Jail for  120 days and a
$500 fine.  The trial court suspended
the imposition of the sentence and placed appellant on community supervision
for 12 months.  We affirm.

In two
points of error, appellant contends that the trial court erred in overruling
her motion to suppress and in convicting her. 
Appellant does not dispute that marihuana was recovered from the car in
which she was a passenger but, instead, argues that Athere was no connective link@ between the marihuana and her.  We disagree.

Dallas
Police Officers William Vick and George Morales testified that, while they were
walking to a restaurant, they observed a Anear-miss accident@ or collision.  Both officers
described how the Camaro in which appellant was the passenger  swerved Asideways@ in the street.  The driver Asquealed@ the tires and took off at a high rate of
speed.  As the car passed the two
officers, appellant Astuck
her finger out the window...her middle finger@ at the officers.  The officers
returned to their cars and followed the Camaro.  When they stopped the car, Officer Vick approached the driver
while Officer Morales approached appellant. 
Both the driver and appellant were determined to be intoxicated.  While they were waiting for the DWI squad to
arrive, appellant put her knees in the passenger seat, turned around, looked at
both officers through the back window of the car, and Agave [them] two fingers.@    








The driver
remained outside of the car, and appellant remained inside of the car until
after the DWI squad arrived.  As he
removed her from the car, Officer Morales saw a bag of marihuana on the
passenger seat.  The marihuana was
located on the seat where it would have been covered by appellant=s right thigh.  

The record
before this court does not contain a motion to suppress.   There is only one reference at trial to the
search.  When State=s Exhibit No. 1 (the marihuana) was offered
into evidence, appellant stated:  AI=m going to object to the search, so we have no objections.@ 
Appellant did not elaborate on her objections to the search.  Appellant=s complaint in her first point of error has not been properly preserved
for appellate review and is overruled. 
TEX.R.APP.P. 33.1.  

Appellant
contends that the evidence is insufficient to support her conviction.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak as to render the
conviction clearly wrong and manifestly unjust or whether the evidence
supporting guilt, although adequate when taken alone, is so greatly outweighed
by the overwhelming weight of contrary evidence as to render the conviction
clearly wrong and manifestly unjust.  Vasquez
v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66
S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).

It was
necessary for the State to prove that appellant was affirmatively linked with
the marihuana found on the seat where she had been sitting.  Brown v. State, 911 S.W.2d 744
(Tex.Cr.App.1995); Pollan v. State, 612 S.W.2d 594
(Tex.Cr.App.1981).   The affirmative
link may be shown by evidence of facts and circumstances indicating knowledge
and control.  Martin v. State,
753 S.W.2d 384 (Tex.Cr.App.1988); Deshong v. State, 625 S.W.2d 327
(Tex.Cr.App.1981).  The trial court, as
the trier of fact, was the sole judge of the weight and credibility of the
witnesses= testimony and could accept or reject any or
all of a witness=s testimony. 
Adelman v. State, 828 S.W.2d 418 (Tex.Cr.App.1992).








It was
uncontroverted at trial that the driver and appellant were the only two people
in the car and that marihuana was recovered from appellant=s seat. 
It was further uncontroverted that the marihuana was located where it
would have been concealed by appellant=s right thigh.   

We believe
that any rational trier of fact could have found that appellant was
affirmatively linked to the cocaine and that she knowingly and intentionally
possessed it with the intent to deliver it. 
The evidence is both legally and factually sufficient.  The second 
point of error is overruled.

The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

September 4, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.