# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00354-CR

**Chris Vallejo, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT NO. 2024637, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Chris Vallejo guilty of burglary of a habitation and two counts of aggravated robbery. *See* Tex. Pen. Code Ann. §§ 29.03, 30.02 (West 2003). The jury assessed punishment at thirty years' imprisonment for the burglary and at forty years' imprisonment and a $10,000 fine for each of the aggravated robberies.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex.

Crim. App. 1969). Appellant exercised his right to examine the appellate record and filed a pro se brief responding to counsel's brief.

Appellant and two accomplices, Hilary Childre and Tiffany Bradford, plotted the robbery of Mike Clark, a drug dealer who they believed had a large sum of money. They drove to Clark's house, where Bradford knocked on the door and asked to use the telephone. Once inside, Bradford unlocked the door and admitted Childre, who was armed with a shotgun, and appellant, who was armed with a pistol. Childre and appellant burst into Clark's bedroom and demanded money from him and his companions. During a struggle, Childre shot a man named Thomas Pool in the leg.

Appellant argues that the evidence is legally and factually insufficient to sustain the jury's verdicts because he did not shoot Pool, he was not shown to have stolen anything, and the occupants of Clark's house were under the influence of drugs. Neither the conviction for burglary nor the convictions for aggravated robbery required proof of a completed theft. *See* Tex. Pen. Code Ann. §§ 29.03, 30.02. The court's charge properly authorized appellant's conviction as a party to the robbery of Pool. The victims' alleged drug use was a factor for the jury to consider in evaluating the credibility of their testimony. Applying the appropriate standards of review, we find the evidence legally and factually sufficient to support the findings of guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (test for legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (test for factual sufficiency). The punishment assessed was within the range prescribed by statute.

Appellant also contends that his trial attorney rendered ineffective assistance. Appellant asserts that counsel was hostile and uncooperative, failed to keep him informed, and failed to adequately investigate the case. He also complains that counsel failed to object to inflammatory evidence and untrue statements by the prosecutor. These complaints rest on factual allegations that are not supported by the record. The documents attached to appellant's pro se brief are not part of the record and may not be considered on appeal. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981). On this record, appellant cannot overcome the presumption that counsel rendered reasonable professional assistance. *See Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

We have reviewed the record, counsel's brief, and the pro se brief. We agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgments of conviction are affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   February 3, 2005

Do Not Publish