**Danny Wayne BAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56607.**

Court of Criminal Appeals of Texas.

Jan. 11, 1978.

Johnny R. Kolenda, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Ira L. Jones, II, Asst. Dist. Attys., Houston, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for delivery of heroin, wherein the punishment was assessed at eight (8) years' imprisonment by the court.

In his sole ground of error appellant contends that the second count of the indictment under which he was indicted was fundamentally defective in that it failed to allege the delivery was not "authorized by this Act." (Article 4476–15, § 4.03, V.A.T.S.)

The said § 4.03(a) of the Texas Controlled Substances Act reads:

"*Except as authorized by this Act,* a person commits an offense if he knowingly or intentionally manufacturers, delivers or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1, 2, 3, or 4." (Emphasis supplied.)

It is appellant's contention then that in a delivery of heroin it is absolutely essential that it be alleged the delivery was not authorized by the act.

Count two of the indictment alleged:

"And the Grand Jury aforesaid do further present in and to said Court, at said term, that DANNY WAYNE BAILEY, on or about June 13, 1976, in said County and State did unlawfully, intentionally and knowingly deliver to W. J. Stewart, a controlled substance, namely Heroin."

█ The indictment thus alleged the delivery of heroin was unlawful, thus indicating it was not in accordance with the act. Even if the word "unlawfully" had not been alleged, the indictment would still have been valid. *Vasquez v. State,* 522 S.W.2d 910 (Tex.Cr.App.1975).

Further, § 5.10(a) of the Controlled Substances Act (Article 4476–15, *supra*), provides:

"It is not necessary for the state to negate any exemption or exception set forth in this Act in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this Act, and the burden of going forward with the evidence with respect to any exemption or exception shall be upon the person claiming its benefit."

It was not necessary for the indictment to allege that the delivery of heroin was not authorized by the act in question.

The judgment is affirmed.