David J. POLLAN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 60061.

Court of Criminal Appeals of Texas,
Panel No. 3.

March 11, 1981.

Sam Adamo, Houston, for appellant.

Ronald Earle, Dist. Atty. and Bill White, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession of more than four ounces of marihuana. Appellant was found guilty in a trial before the court and punishment was assessed at 10 years, probated.

In his first ground of error, appellant challenges the sufficiency of the evidence to support his conviction. He contends that the State only proved that he was present at the scene of the offense.

Officer Milton Shoquist testified that he was assigned to the organized crime unit of the Austin Police Department. Shoquist related that he was working in an undercover capacity and had been negotiating the purchase of two hundred pounds of marihuana.

Terry Hobbs had agreed to sell Shoquist the marihuana with a "50 [pound] feeler" being the initial delivery. On October 19, 1976, Shoquist went to Hobbs' home. Appellant, Hobbs and two other individuals were at the house when Shoquist arrived with a fifth individual. When Shoquist entered the house, appellant and two other individuals went to a rear bedroom of the house. Upon emerging from the bedroom, appellant had a spiral notebook and the two other individuals were carrying cardboard boxes. The boxes were then placed in a front bedroom and everyone in the house, including appellant, entered the bedroom. Both of the boxes were then opened in the bedroom. Each box contained numerous bricks of a substance which appellant stipulated was marihuana. According to Shoquist, "there was a general discussion amongst everybody about whether to weigh it in the bedroom or bring the stuff out into the living room." Hobbs had "a small scale." Shoquist related that appellant, with the aid of the notebook, was apparently going to record the weight of each brick of marihuana and arrive at a total weight of the purchase.

Appellant made no statements in the presence of Shoquist. Everyone was arrest-

ed when Shoquist went outside and gave a secret signal to a number of officers who were nearby.

In order to establish the unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Dubry v. State*, Tex.Cr. App., 582 S.W.2d 841. It is not necessary to prove that the accused had exclusive possession of the narcotics in question. *Damron v. State*, Tex.Cr.App., 570 S.W.2d 933. When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Wiersing v. State*, Tex.Cr.App., 571 S.W.2d 188.

The affirmative link can be established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband. *Norman v. State*, Tex.Cr.App., 588 S.W.2d 340. Among such additional facts which can establish the affirmative link are: the marihuana was in open or plain view, *Hernandez v. State*, Tex.Cr.App., 538 S.W.2d 127; The place where the contraband was found was enclosed, *Mendoza v. State*, Tex. Cr.App., 583 S.W.2d 396; when the marihuana was found, there was sufficient light for a person to see that marihuana, *Hernandez v. State*, supra; the amount of marihuana found, *Carvajal v. State*, Tex.Cr. App., 529 S.W.2d 517; the narcotic was conveniently accessible to the accused, *Hahn v. State*, Tex.Cr.App., 502 S.W.2d 724; and the accused's action toward the contraband may show his intent to violate the statute, *Alaniz v. State*, Tex.Cr.App., 458 S.W.2d 813.

We conclude that the State proved much more than appellant's mere presence at the scene of the offense. When Shoqist arrived at the house, appellant immediately moved to the rear of the house to retrieve the contraband. This large quantity of contraband was then returned to another portion of the house and displayed to the prospective purchaser. All of these events occurred in appellant's presence. We find the evidence sufficient to support appellant's conviction.

In his third ground of error, appellant contends that he was denied the effective assistance of counsel. Appellant maintains such denial arose by his retained counsel representing both him and another individual to the transaction.

There was no objection to the dual representation at trial. The record reflects that Michael Wasaff and appellant were tried in the same proceeding. Wasaff carried one of the cardboard boxes located inside Hobbs' home. Appellant and Wasaff were represented in their joint trial by the Honorable Bruce Sternberg.

In *Cuyler v. Sullivan*, 444 U.S. 823, 100 S.Ct. 1708, 62 L.Ed.2d 30 (1980), the Supreme Court held that when no objection to an alleged conflict of interest is raised at trial the defendant must show an actual conflict which adversely affected his lawyer's performance. The mere showing of a possible conflict of interest is not sufficient to prevail on a claim of ineffective assistance of counsel. This Court has granted relief in those cases in which a defendant has shown a conflict of interest which has actually affected the adequacy of his attorney's performance. See *Ex parte Parham*, 611 S.W.2d 103 (1981); *Ex parte Alaniz*, Tex.Cr.App., 583 S.W.2d 380.

In an effort to show an actual conflict of interest which adversely affected Sternberg's performance, appellant has attached an affidavit to his brief. The affidavit was not introduced at trial and is not a part of the record on appeal under the provisions of Art. 40.09, V.A.C.C.P. Such an affidavit is not entitled to consideration by this Court. *Keith v. State*, 89 Tex.Cr.R. 264, 232 S.W. 321. We find that appellant's contention of ineffective assistance of counsel is not supported by the record and is accordingly without merit.

In his second ground of error, appellant contends that the indictment in this cause is fundamentally defective. He maintains that the indictment should have alleged that appellant's possession of the marihuana was "unlawful." This contention is presented for the first time on appeal.

The indictment in this cause alleges in pertinent part that on October 19, 1976, appellant:

"... did then and there knowingly and intentionally possess a usable quantity of marihuana of more than four ounces ..."

Art. 4476–15, Sec. 4.05(a), V.A.C.S., provides that except as authorized by the Controlled Substances Act, a person commits an offense if he knowingly or intentionally possesses a usable quantity of marihuana. Sec. 5.10(a), supra, provides as follows:

"It is not necessary for the state to negate any exemption or exception set forth in this Act in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this Act, and the burden of going forward with the evidence with respect to any exemption or exception shall be upon the person claiming its benefit."

■ The State was not required to allege that appellant's possession was unlawful as being unauthorized by the Act. See *Bailey v. State*, Tex.Cr.App., 559 S.W.2d 958; *Vasquez v. State*, Tex.Cr.App., 522 S.W.2d 910. We reject appellant's contention that the indictment is fundamentally defective.

The judgment is affirmed.

TEAGUE, Judge, dissenting.

I dissent to the disposition the majority makes of appellant's first ground of error that "the evidence is insufficient to establish that the Appellant was guilty of the charged offense of possession of more than four ounces of marijuana," and would hold that the evidence is not sufficient to sustain the verdict of the trial court and would order the conviction reversed. To do otherwise, in my opinion, is to engage in rank speculation. See *Earnhart v. State*, Tex.Cr. App., 575 S.W.2d 551 (1979).

I also question whether the majority may consider Shoquist's statement, in its summary, as to what appellant was going to do with the "spiral notebook," for the record reflects the following:

Q And what did he [Wasaff] do with the box once he arrived in the living room?
A They apparently set the boxes down, because they were later—I found them in the—or that's what the marihuana was contained in. And they showed them to me in that bedroom, but they apparently set them down in the front bedroom and then came back in the living room.
Q They being—
A Wasaff and Hobbs. And then we all more or less had a discussion about where we were going to weigh them at, and Hobbs said he had a little triple beam scale which would only weigh about one brick at a time. And apparently Mr. Pollan was going to record the weights and total them up at the end.
MR. STERNBERG: I object to that statement, Your Honor. It's a conclusion on the part of this witness.
THE COURT: He may testify as to what his opinion was based on, but not his opinion.

Unfortunately, the prosecutor did not ask and Shoquist did not say what "his opinion was based on."

I have my suspicions as to the part appellant was to play in this transaction, with the "spiral notebook," but I do not choose, as the majority apparently does, to affirm a conviction on suspicion or speculation and, therefore, must respectfully dissent. Compare *Harrison v. State*, Tex.Civ.App., 555 S.W.2d 736, 737 (1977). "However, a finding of joint possession cannot be justified solely by proof of mere presence of an accused at a place where contraband is being used or possessed." "Possession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed." *Shortnacy v. State*, Tex.Cr.App., 474 S.W.2d 713, 715, 716 (1972). See also *Underwood v.*

*State*, 571 S.W.2d 7 (1978); *Ayers v. State*, 570 S.W.2d 926 (1978); and *Armstrong v. State*, Tex.Cr.App., 542 S.W.2d 119 (1976).

In order to establish the offense of possession of an unlawful substance such as marihuana, as I understand the law of possession, it is mandatory for the State to prove two components: (1) knowledge of what the substance is, *and* (2) actual or constructive care, custody, control or management of the substance. See Art. 4476–15, Sec. 1.02(23), V.A.T.C.S., the Controlled Substances Act, where the word "possession" is defined. The State may very well have proved the first component, but they failed to establish the second, and it is mandatory that both be proved beyond a reasonable doubt.

If it be argued that appellant constructively possessed the marihuana, that argument fails: at no time did appellant utter any words of encouragement; he was never, other than by mere presence, connected to the residence where the marihuana was seized and where he was arrested; there is no showing that appellant ever exercised any control or handling of the boxes which contained the marihuana; there is no evidence of flight; there is no showing there was any odor or aroma of marihuana in the air; there were no furtive gestures; and there is no showing appellant was under the influence of any drug, including marihuana. In sum, to show even constructive possession, I thought there had to be some affirmative link existing between the person accused and the unlawful contraband. For an excellent discussion of this point, the reader's attention is directed to the opinion of *Hausman v. State*, Tex.Cr.App., 480 S.W.2d 721 (1972), a case which reflects facts far stronger than those here, but which was reversed by this Court.

It now appears, by the holding of the majority, there is an exception to the rule that mere presence of an accused at a place where contraband is being used or possessed by others is not sufficient to establish joint possession. That exception is that if the accused is ever in close juxtaposition to the contraband and is present when the contra-band is displayed to the prospective purchaser, then he is as guilty as those who actually possessed the illegal contraband. Previously, I thought, by the cases of this Court, that possession meant more than being where the action is. However, if one is present where the action is and fails to make like the proverbial three monkeys, by failing to cover his eyes, failing to cover his ears, and failing to unseal his lips, he will now be guilty of the offense of possession of illegal contraband. To this holding I respectfully dissent.