Affirmed and Opinion filed December 21, 2004









Affirmed and Opinion filed December 21, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00139-CR

____________

 

WENDELL WOODROW
WILLIAMS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No. 913,678

 



 

O P I N I O N

A jury convicted appellant of sexual
assault of a child; he received a twenty-year sentence in the Texas Department
of Criminal Justice, Institutional Division, and was assessed a $10,000.00
fine.  On appeal, appellant first
contends that the trial court erred by denying defense counsel’s motion to
withdraw because of a personal conflict and, second, that he received
ineffective assistance of counsel when his attorney continued to represent him
in the punishment phase of the trial. 
Because appellant has not shown his attorney had an actual conflict of
interest and has not shown that anything she did prejudiced him, we affirm.








I.        Factual
and Procedural Background

Appellant is the complainant’s uncle.  When the complainant’s mother asked her to
move out of the home, the 16-year old went to live with appellant.  About six weeks after the complainant moved
into appellant’s home, he raped her.  The
complainant told her family what had happened and, with her aunt’s assistance,
helped the State press charges against appellant.  Appellant pleaded not guilty and the case
proceeded to a jury trial.

A.      Appellant’s
Counsel’s Motion to Withdraw

On the first day of trial, February 5,
2004, the prosecuting attorney informed the court of a newly-discovered witness
who was expected to testify in the punishment phase of appellant’s trial.  When the prosecuting attorney announced the
new witness’s name, appellant’s counsel objected to the admission of any
extraneous offense evidence and pointed out that a Motion in Limine had been
filed prior to the case.  Appellant’s
counsel made no further objections to calling the witness.

The following day, February 6, 2004,
appellant’s counsel made an oral motion to withdraw as appellant’s
counsel.  Appellant’s counsel stated that
the new punishment witness’s testimony would “deeply affect me further
representing [appellant] in this case . . . [and] I would like to recuse
myself.”  In support thereof, appellant’s
counsel stated that, if she remained the attorney of record for appellant, she
would be required to cross-examine the witness. 
Appellant’s counsel informed the court that the witness was “a personal friend”
and that she was certain that it would “affect [the] relationship.”  For those reasons, appellant’s counsel told
the court she could not continue to represent the appellant.  The trial judge denied the request to
withdraw.

B.      Punishment Phase Testimony








After the jury
found appellant guilty, the punishment phase of his trial began.  The State called the newly-found witness as
its only punishment witness.  The witness
testified that appellant was her uncle and that he had also raped her, over
twenty years ago, when she was fifteen years old.  Like the complainant, with the assistance of
her family, the witness spoke with police and helped the District Attorney’s
office file charges against appellant. 
The case was reduced to a misdemeanor (assault) and appellant received
probation.  The State introduced the
judgment for this offense during the punishment phase of appellant’s
trial.  

During the witness’s direct examination,
appellant’s counsel objected twice. 
Following the witness’s testimony on direct examination, and despite her
previously stated objection, appellant’s counsel cross-examined the
witness.  Appellant’s counsel’s
cross-examination focused on the fact that, despite the witness’s allegations,
“it was never proven that [appellant] actually molested [her].”  Appellant’s counsel stressed that the
judgment the State introduced was for assault and not for sexual assault or
rape.  Finally, appellant’s counsel
suggested the possibility that Ms. Sanders had lied about appellant raping her
because she was “pregnant and [] had to blame it on someone.”

Appellant then testified on his own
behalf.  Appellant’s counsel verified
appellant had heard the witness’s testimony and then asked if appellant had
sexual intercourse with her.  Appellant
responded that he had consensual intercourse with her during the course of a
relationship that lasted for seven to eight months.  Appellant went on to state, in response to
his counsel’s questioning, that he was never convicted for rape because, he
believed, the witness was already pregnant by another man at the time of the
alleged rape.  No other defenses
witnesses were called during the punishment phase.

The State recalled the witness, and
appellant’s counsel again objected during her direct examination and
cross-examined her.  At the conclusion of
the punishment phase, the jury gave appellant a twenty-year sentence and
assessed a substantial fine.

II.       The
Trial Court Properly Overruled The Motion to Withdraw








We review a trial court’s decision to
overrule an attorney’s motion to withdraw for an abuse of discretion.  See Green v. State, 840 S.W.2d 394,
407–08 (Tex. Crim. App. 1992) (en banc), overruled on other grounds by
Trevino v. State, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999) (analyzing
whether trial court erred by refusing trial counsel’s motion to withdraw under
an abuse of discretion standard).  We
will uphold the ruling if it is within the zone of reasonable disagreement or
if the trial court acted in accordance with applicable guiding legal
principles.  Weatherred v. State,
15 S.W.3d 540, 542 (Tex. Crim. App. 2000). 
We make this determination based upon what was before the trial court
when it made its decision.  Montgomery
v. State, 810 S.W.2d 372, 380, 391 (Tex. Crim. App. 1990).

In her motion to withdraw, appellant’s
counsel asserted that she was such a close friend of the state’s punishment
witness that she did not feel able to continue adequately representing
appellant.  However, counsel clarified
this allegation when the punishment phase of the trial was about to begin;
counsel stated the witness was a “personal friend” but “not a close
friend.”  And, although appellant’s
counsel was concerned that cross-examining the witness would affect their
relationship, she did not articulate how that would bear upon her ability to
continue to advocate zealously on appellant’s behalf.  In light of these facts, we cannot say the
trial judge abused his discretion in denying counsel’s motion to withdraw and
we overrule appellant’s first point of error.

III.      Appellant
Did Not Receive Ineffective Assistance of Counsel

In his second point of error, appellant
contends his counsel’s irreconcilable personal conflict denied him the
effective assistance of counsel that the Sixth Amendment guarantees to an
accused in a criminal trial.  We evaluate
appellant’s contention—that his counsel’s personal conflict deprived him of
effective assistance of counsel—under the familiar standards of Strickland
v. Washington, 466 U.S. 668 (1984).  See
Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (en banc)
(holding Strickland standard applies to ineffective assistance claims
alleging a deficiency in attorney performance at noncapital sentencing proceedings);
see also Banda v. State, 890 S.W.2d 42, 59 (Tex. Crim. App. 1994) (en
banc) (applying Strickland standard to appellant’s claim that his trial
counsel was ineffective because of counsel’s conflict of interest); Thompson
v. State, 94 S.W.3d 11, 19 (Tex. App.—Houston [14th Dist.] 2002, pet.
ref’d) (same).








We engage in a highly deferential review
of defense counsel’s representation at trial. 
Strickland, 466 U.S. at 689; Tong v. State, 25 S.W.3d 707,
712 (Tex. Crim. App. 2000) (en banc).  Strickland
requires an appellant alleging ineffective assistance of counsel to satisfy a
two-pronged test.  First, an appellant
must show that counsel’s representation or advice fell below objective
standards of reasonableness.  Second, an
appellant must show the proceeding’s result would have been different but for
trial counsel’s deficient performance.  Strickland,
466 U.S. at 688–92; Thompson, 94 S.W.3d at 15 (Tex. App.—Houston [14th
Dist.] 2002, pet ref’d).  When an
attorney’s representation is alleged to be deficient because of the attorney’s
conflict of interest, an appellant satisfies Strickland’s first prong by
showing that (1) “his counsel was burdened by an actual conflict of interest”
and (2) “the conflict had an adverse effect on specific instances of counsel’s
performance.”  Cuyler v. Sullivan,
446 U.S. 335, 348–50 (1980); Monreal v. State, 947 S.W.2d 559, 564 (Tex.
Crim. App. 1997) (en banc).  

A.      Appellant
Cannot Satisfy Strickland’s First Prong

Appellant relies upon his counsel’s
statements in her motion to withdraw to establish his counsel was burdened by
an actual conflict of interest.   And, to
establish the adverse effect this conflict had on counsel’s performance,
appellant points to the brevity of his counsel’s cross-examination of the
witness.  We reject these contentions for
the reasons that follow.

1.       Actual
conflict of interest








First, an “actual conflict of interest”
exists only if  “counsel is required to
make a choice between advancing his client’s interest in a fair trial or
advancing other interests to the detriment of his client’s interest.”  Monreal, 947 S.W.2d at 564.  It is not sufficient for appellant to show a possible
conflict of interest.  Pollan v. State,
612 S.W.2d 594, 596 (Tex. Crim. App. 1981). 
While appellant’s counsel indicated she felt her personal relationship
with  the State’s witness would be
affected, she never indicated whether, or how, her ability to advance
appellant’s interests would be affected. 
Highlighting the possibility that counsel was operating under a conflict
of interest is insufficient to prove an actual conflict of interest.  See Thompson, 94 S.W.3d at 21
(declining to find counsel was ineffective because “[a]t best, the record
raises a concern of a possible conflict of interest but not an actual
conflict of interest”).  Appellant fails
to demonstrate his counsel was forced to choose between advancing his interest
in a fair trial and advancing other interests to his detriment.

2.       Adverse
effect on performance

Second, even if appellant had demonstrated
an actual conflict of interest, we cannot conclude, on this record, that the
alleged conflict had an adverse effect on the cross-examination of the
witness.  “In order to determine whether
appellant’s attorney refrained from cross-examination in certain areas and
whether her supposed inability to cross-examine more thoroughly could be
considered detrimental to appellant, we must be able to discern from the record
the nature of the information that could have been developed by counsel.”  Id. 
The record reveals that appellant’s counsel objected repeatedly during
direct and redirect examinations and twice cross-examined the witness.  The cross-examinations tested the witness’s
credibility and offered other explanations to the jury.  On this record, we cannot say her performance
was deficient; nor does appellant identify “useful information” that could have
been uncovered or utilized “through more effective cross-examination.”  Id. 
Appellant fails to show “how or whether counsel was impaired in her
representation of appellant.” See id. at 22.  We overrule appellant’s second point of error
because he has not satisfied Strickland’s first prong.

Because the
trial court acted within its discretion in overruling the motion to withdraw
and because appellant has failed to show he received ineffective assistance of
counsel, we affirm his conviction.  

 

 

/s/      Wanda McKee Fowler

Justice

Judgment
rendered and Opinion filed December 21, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Publish
— Tex. R. App. P. 47.2(b).