# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00021-CR

**Wilfred Warren Sheppard, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 54845, HONORABLE GORDON ADAMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Wilfred Warren Sheppard guilty of theft of over $20,000. *See* Tex. Pen. Code Ann. § 31.03(a), (e)(5) (West Supp. 2004-05). The court assessed punishment at imprisonment for four years, suspended imposition of sentence, and placed appellant on community supervision. Appellant's sole contention on appeal is that the evidence does not support the jury's verdict. We will affirm.

In May 2001, appellant, doing business as The Gym, purchased a $20,000 certificate of deposit at Extraco Bank in Killeen. The CD was assigned to the Texas Secretary of State as a security deposit pursuant to the Health Spa Act. *See* Tex. Occ. Code Ann. § 702.151 (West 2004).

In September 2001, appellant requested a release of the security deposit. The request was denied by the secretary of state in a letter to appellant dated September 20, 2001, and signed by Guy Joyner, the chief of the legal support unit.

On October 4, 2001, appellant presented to Mini Ayala, an employee of Extraco Bank, a letter purporting to be from Joyner in his official capacity and stating that the $20,000 security deposit had been released to appellant in full. Based on this letter, Ayala cancelled the CD and gave appellant a cashier's check for $20,315.94, which he cashed that day. Joyner testified that the letter was a forgery and that appellant's security deposit had not been released. The theft was discovered when the secretary of state subsequently ordered the bank to pay $16,637.75 from the CD to reimburse customers of The Gym for their losses upon its closing.

In his brief, appellant argues that he is not guilty of theft because he was never determined to be personally liable for the losses suffered by customers of The Gym. He relies on a copy of an agreed final judgment and permanent injunction ending civil litigation by the State against the corporate entity that apparently operated the business. This document was not introduced in evidence at appellant's trial. Documents attached to an appellate brief but not in evidence may not be considered on appeal. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981). In any event, appellant's alleged lack of personal liability to his customers is not a defense to his use of a forged document to appropriate the $20,315.94 from the bank.

The evidence is legally sufficient to sustain the guilty verdict. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (test for legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-

2

59 (Tex. Crim. App. 1981) (same).  The point of error is overruled and the judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   May 26, 2005

Do Not Publish

3