Opinion filed April 13, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 13, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00305-CR 

                                                    __________

 

                                 BOBBY  LEE  FLETCHER, Appellant

 

                                                             V.

 

                                       STATE  OF 
TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 21,289-A

 



 

                                                                   O
P I N I O N

 

The jury convicted Bobby Lee Fletcher of the
offense of possessing between four and two hundred grams of methamphetamine
with the intent to deliver.  The trial
court assessed punishment at confinement for 35 years.  We affirm. 


Appellant presents two issues for review.  In these issues, he challenges the legal and
factual sufficiency of the evidence in support of his conviction.  Appellant specifically contends that the
evidence fails to show his intent to deliver. 
We disagree.  








To determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the evidence is factually
sufficient, we must review all of the evidence in a neutral light and determine
whether the evidence supporting guilt is so weak that the verdict is clearly
wrong and manifestly unjust or whether the evidence contrary to the verdict is
so strong that the beyond-a-reasonable-doubt burden of proof could not have
been met.  Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004); Ross v. State, 133 S.W.3d 618 (Tex.
Crim. App. 2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App.
2002); Cain v. State, 958 S.W.2d 404 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).  

In cases involving unlawful possession of a
controlled substance, the State must prove that the accused exercised care,
custody, control, or management over the substance and that the accused knew
that the matter possessed was contraband. 
Martin v. State, 753 S.W.2d 384 (Tex. Crim. App. 1988).  When the accused is not shown to have had
exclusive possession of the place where the contraband was found, the evidence
must affirmatively link the accused to the contraband.  Pollan v. State, 612 S.W.2d 594 (Tex.
Crim. App. 1981).  Furthermore, the
intent to deliver a controlled substance may be proven by circumstantial
evidence.  Ingram v. State, 124
S.W.3d 672, 675-76 (Tex. App.CEastland
2003, no pet.).  Inferences regarding the
intent to deliver can be made from the conduct of the defendant as well as the
amount of the controlled substance possessed and the manner in which it was
possessed.  Id.; Rhodes v.
State, 913 S.W.2d 242, 251 (Tex. AppC
Fort Worth 1995), aff'd, 945 S.W.2d 115 (Tex. Crim. App. 1997).  








The record shows that, after a two-week
surveillance, the police executed a search warrant at appellant=s residence.  Officer Steve Rogers testified that he asked
the three occupants B
appellant, Pamela Medico, and Wendy Dower B
if anyone wanted to surrender any hidden drugs. 
Appellant was the only one of the three to respond.  He indicated that drugs were in the house,
and he showed Officer Rogers where they were. 
Appellant led Officer Rogers to a bedroom and indicated that
methamphetamine was located in a bag on the bed where appellant and Medico had
been sleeping. Appellant stated, AThe
only thing I have left is about an 8-ball of speed in that bag.@ 
Appellant told Officer Rogers that the methamphetamine was in a bank bag
inside of a larger bag or purse.  Officer
Rogers found the methamphetamine exactly where appellant said it would be:  in a small, zippered bank bag about the size
of a coin purse.  The larger bag or purse
contained items belonging to Medico and appellant.  Appellant=s
wallet was in the larger bag.

Drugs and drug paraphernalia were found throughout
the house.  Among the items found were
scales, pipes used to smoke marihuana and methamphetamine, a spoon and syringe,
and small baggies like those often used to package and sell methamphetamine.  Both methamphetamine and marihuana were found
during the search.  The methamphetamine
found in the bag on appellant=s
bed weighed 4.57 grams.  The
methamphetamine found in a guitar string package in the living room weighed .06
grams.  Officer Rogers testified that the
quantity of methamphetamine found in the bag was too large for personal
use.  He also indicated that a controlled
buy was conducted at appellant=s
residence during the two-week surveillance.

Medico testified on appellant=s behalf.  She testified that appellant was her
boyfriend and that she never saw him sell any drugs.  Medico claimed ownership of the pipes, the
scales, and the methamphetamine found in the bag, which she says was her purse.  Medico testified that she used the scales to
make sure she received the quantity paid for when she bought drugs for her
personal use.  Medico denied the
existence of the syringe and spoon and knew nothing of the metham-phetamine
found in the guitar string package. 
Medico also stated that Officer Rogers was lying about the location of
the scales.  She said they were in her
purse, not out in plain view on the table as Officer Rogers had testified.  Medico also testified that the
methamphetamine was in her purse but that it was not in a smaller bank bag or
coin purse.  She also contradicted the
officer=s
testimony regarding the baggies used for packaging methamphetamine to
sell.  According to Medico, they were not
in her purse.








After reviewing all of the evidence, we hold that
the evidence is both legally and factually sufficient to support the jury=s verdict.  The evidence showed sufficient affirmative
links to connect appellant to the methamphetamine, and sufficient
circumstantial evidence was introduced to show that he possessed the
methamphetamine with the intent to sell it. 
Drugs, drug paraphernalia, and scales were found in appellant=s residence.  A quantity of methamphetamine that was too
large for personal use was found in a bag on the bed where appellant had been
sleeping.  Appellant=s wallet was also in that bag.  A controlled buy had recently been conducted
at appellant=s
residence.  During the execution of the
warrant, appellant led the officers to the methamphetamine and stated that that
was all he had left.  In addition to the
methamphetamine, there were several small, empty baggies like those used to put
methamphetamine in when it is sold.  The
jury was free to disbelieve Medico=s
testimony to the contrary and to find that appellant possessed the methamphetamine
with intent to deliver.  See Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 1981), art. 38.04 (Vernon 1979); see also Rhodes, 913 S.W.2d at
250-51.  Appellant=s
issues are overruled.  

The judgment of the trial court is affirmed.  

 

 

RICK STRANGE

JUSTICE

 

April 13, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.