Opinion filed December 21, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed December 21, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00207-CR 

                                                    __________

 

                              MARTY
MAYNARD DUNLAP, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 21,409-A

 



 

                                                                   O
P I N I O N

The jury convicted Marty Maynard Dunlap of
possession of methamphetamine.  The trial
court found both enhancement allegations to be true and sentenced appellant to
confinement for twenty-five years.  We affirm.

In his first two issues, appellant challenges the
legal and factual sufficiency of the evidence. 
Specifically, appellant contends that the evidence was both legally and
factually insufficient to prove that he possessed the methamphetamine seized in
the motel room.








In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State,17 S.W.3d 664 (Tex. Crim. App. 2000).
To determine if the evidence is factually sufficient, the appellate court
reviews all of the evidence in a neutral light. 
Watson v. State, 2006 WL 2956272, at *8 (Tex. Crim. App. Oct. 18,
2006) (overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim.
App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence. 
Watson, 2006 WL 2956272, at *8; 
Johnson, 23 S.W.3d at 10-11.

 In cases
involving unlawful possession of a controlled substance, the State must prove
that the accused exercised care, control, or management over the substance and
that the accused knew that the substance was contraband. Poindexter v. State,
153 S.W.3d 402, 405 (Tex.
Crim. App. 2005); Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App.
1988).  When the accused does not have
exclusive possession of the place where the contraband was recovered, the
evidence must affirmatively link the accused to the contraband.  Poindexter, 153 S.W.3d at 406; Brown
v. State, 911 S.W.2d 744 (Tex. Crim. App. 1995); Pollan v. State,
612 S.W.2d 594 (Tex. Crim. App. 1981). 
The link, however, need not be so strong that it excludes every other
reasonable hypothesis except the defendant=s
guilt; and the evidence can be direct or circumstantial.  Brown, 911 S.W.2d  at 747-48.








Abilene Police Officer Les Bruce testified that he
executed a search warrant for Room 111 at the Tower Motel.  The room was registered to James Michael
Mosley.  Police officers found only two
people in the room:  appellant and
Mosley.  Appellant was on the bed closest
to the door, Mosley was on the other bed. 
Both men were Apretty
relaxed,@ and each
had fresh track marks on their arms.  In
plain view on the night stand between the two beds, Officer Bruce saw a razor
blade with white residue on it, a cup of water, and a spoon with traces of
white powder.  Officer Bruce testified
that a razor blade was often used to chop methamphetamine into a fine
powder.  Then the powder would be placed
in a spoon, diluted with water, heated, and injected.  The officers also observed in plain view a Asnorting straw,@
a plastic bag with traces of methamphetamine, and a bigger bag of
methamphetamine on Mosley=s
bed; used syringes; and methamphetamine on top of the dresser.  The night stand and the items on Mosley=s bed were within reaching distance of
appellant.  The dresser was approximately
six feet away from appellant.  Marihuana
was also recovered from the room. 
Laboratory testing established that the white substances recovered
contained methamphetamine and had a net weight of over 2.39 grams.  Appellant did not testify.  

Due deference must be given to the fact-finder=s determination, particularly
concerning the weight and credibility of the evidence.  Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000); Jones
v. State, 944 S.W.2d 642 (Tex. Crim. App. 1996).  The jury, as the finder of fact, is the sole
judge of the weight and credibility of the witnesses=
testimony.  Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon 1981), art. 38.04 (Vernon 1979). 

The evidence is both legally and factually
sufficient to support the verdict.  The
police officers observed used syringes, a razor blade with methamphetamine
residue, methamphetamine, and other drug paraphernalia within reaching distance
from appellant.  Appellant had recent
track marks on his arm and was Arelaxed@ when the officers entered the
room.  When viewed in the light most
favorable to the verdict, a reasonable trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  When viewed in a neutral light, we find that
the evidence supporting the verdict is not so weak that the verdict is clearly
wrong and manifestly unjust and that the verdict is not against the great
weight and preponderance of the conflicting evidence.  The evidence sufficiently links appellant to
the methamphetamine and establishes that appellant=s
connection with the contraband was Amore
than just fortuitous.@
Poindexter, 153 S.W.3d at 406; Brown, 911 S.W.2d at 747. The
cases cited by appellant are factually distinguishable.  We note that the number of factors linking a
defendant to the contraband is not as important as the logical force the
factors have in establishing the elements of the offense.   Gilbert v. State, 874 S.W.2d 290, 298
(Tex. App.CHouston
[1st Dist.] 1994, pet. ref=d).  The first and second issues are overruled.








At the guilt/innocence phase of trial, appellant=s trial counsel argued in his closing
argument that appellant was not in possession of any of the items containing
methamphetamine. The State responded by noting that appellant had fresh track
marks and stating: A[H]ow
does he get around the fact that somebody has been cutting it right there on
the table between his bed and the other bed? 
How does he get around the fact that it is strewn not only on the other
bed, but on the dresser as well, right there in plain sight.@ 
The trial court overruled appellant=s
objection that the argument was a comment on his failure to testify.

In his third issue, appellant argues that the
trial court erred in overruling his objection and that the argument had a
substantial and injurious effect on the jury=s
verdict.  We disagree.

Proper jury argument includes summation of the
evidence presented at trial, reasonable deduction drawn from that
evidence,  answer to the opposing counsel=s argument, and a plea for law
enforcement.   Jackson, 17 S.W.3d at 673.  An argument that is manifestly improper or
injects new and harmful facts into the case is reversible error.  Id.  The language used must be viewed from the
standpoint of the jury, and the direct implication must be a reference to the
defendant=s failure
to testify:  an allusion is not
sufficient to constitute reversible error. 
Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).

When viewed from the jury=s
standpoint, the argument in this case was an answer to appellant=s counsel=s
argument and was not a direct reference to any failure on appellant=s part to testify.  The third issue is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

December 21, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J, 

McCall,
J., and Strange, J.