Opinion filed June 18, 2008
















 
 
  
 
 





 
 
  
 
 


Opinion filed June 18,
2008

 

 

 

 

 

 

                                                                       
In The

                                                                             


    Eleventh Court of Appeals

                                                                
____________

 

                                                         
No. 11-06-00347-CR 

                                                    
__________

 

                                 
ALBERT RAY HOLDER, Appellant

                                                            
V.

                                       
STATE OF TEXAS,
Appellee

 





 

                                         
On Appeal from the 35th District Court

                                                         
Brown County, Texas

                                               
Trial Court Cause No. CR18-229

 





 

                                             
M E M O R A N D U M   O P I N I O N

 

Albert
Ray Holder was indicted for possession of methamphetamine in the amount of one
gram or more but less than four grams, enhanced by two prior felonies.  He
pleaded not guilty and proceeded to a jury trial.  The jury returned a
guilty verdict.  The court assessed his punishment at fifty years in the
Texas Department of Corrections, Institutional Division.  We affirm.

Issue
on Appeal

Appellant
asserts on appeal that the trial court erred in failing to grant his motion for
directed verdict because the evidence was factually insufficient to sustain a
conviction for possession of methamphetamine.[1]

 

 

Standard
of Review

In
reviewing the legal sufficiency of the evidence, we consider all of the
evidence in the record in the light most favorable to the trial court=s verdict and determine
whether, based upon that evidence and all reasonable inferences therefrom, any rational trier of
fact could have found that appellant was guilty beyond a reasonable
doubt.  Jackson v. Virginia,
443 U.S.
307 (1979). 

 To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204
S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in
part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim.
App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  Then, the reviewing court determines whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

Analysis

Appellant
was driving a pickup late at night when Brownwood Police Officer Michael Taylor
initiated a traffic stop for defective taillights and failing to signal a left
turn.  Officer Taylor identified appellant by his driver=s license.  A check on
appellant=s driver=s license revealed that it
was suspended.  Officer Taylor placed appellant under arrest for driving
with a suspended license and searched the vehicle pursuant to the arrest. 
In the search, he found 1.58 grams of methamphetamine.

Appellant
argues that there was not sufficient evidence to show that he was in exclusive
possession of the methamphetamine.  Appellant further argues that the only
evidence showing that he possessed the methamphetamine was the testimony of an
accomplice that was not corroborated. 

 

To
prove unlawful possession of a controlled substance, the State must show that
the accused exercised care, custody, control, or management over the substance
and that the accused knew the matter possessed was contraband. Tex. Health & Safety Code Ann. ' 481.002(38) (Vernon Supp. 2007); Poindexter v. State, 153 S.W.3d
402, 405 (Tex. 
Crim. App. 2005). When
it is shown that the accused did not have exclusive possession of the place
where the contraband was found, the evidence must affirmatively link the
accused to the contraband.  Pollan v. State, 612 S.W.2d 594, 596 (Tex. Crim.
App. 1981); Isbell v. State, 246 S.W.3d
235, 238 (Tex.
App.CEastland
2007, no pet.). Affirmative links are shown when there is
evidence of circumstances Athat
would adequately justify the conclusion that the defendant knowingly possessed
the substance.@ 
Evans v. State, 202 S.W.3d 158, 161-62 n.9 (Tex. Crim.
App. 2006).

The
State cannot rely solely on the testimony of an accomplice to obtain a
conviction.  Tex. Code Crim. Proc. Ann. art.
38.14 (Vernon 2005).  Article 38.14 provides:

A
conviction cannot be had upon the testimony of an accomplice unless corroborated
by other evidence tending to connect the defendant with the offense committed;
and the corroboration is not sufficient if it merely shows the commission of
the offense. 

To determine
whether an accomplice=s
testimony is corroborated, we eliminate the accomplice
testimony and review the remaining evidence to determine whether it tends to
connect the defendant to the offense.  Solomon v.
State, 49 S.W.3d 356, 361 (Tex.
Crim. App. 2001).  The corroborating
evidence does not need to directly connect the defendant to the crime or be
sufficient by itself to establish guilt; it need only tend to connect the
defendant to the offense.  Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim.
App. 1999).  If, however, the corroborating evidence does no more
than point the finger of suspicion toward the accused, it is insufficient to
satisfy the requirement.  Nolley v. State, 5 S.W.3d 850, 852 (Tex. App.CHouston [14th Dist.]
1999, no pet.).

 Officer
Taylor testified that, when he searched the vehicle, he found a black pouch Abehind
the seat toward the middle on the right-hand side where the defendant would be
sitting between the backseat and the cab.@  He testified
that in the black pouch was (1) a white syringe with an orange cap and (2) two
small bags containing a white powdery crystal substance.  Officer Taylor
testified that he believed the substance to be methamphetamine.  A chemist
testified that the substance was tested and confirmed to be 1.58 grams of
methamphetamine.

 

Rachelle
Roberts testified that she was a passenger in the vehicle appellant was driving
on the night he was stopped.  She testified that she and appellant were at
a mutual friend=s
house Ashooting
up@
methamphetamine.  They left the house to go to Allsup=s to cash in a lottery
ticket when Officer Taylor stopped them.  Roberts identified the syringe
that Officer Taylor found in the vehicle as being the same syringe that she and
appellant were using to inject the methamphetamine. Roberts testified that
appellant had brought the methamphetamine to their friend=s house.  She also
identified the black pouch found in the vehicle as the container in which
appellant carried the methamphetamine.

Roberts
further testified that appellant called her from the jail several days after he
was arrested.  She testified that he told her that he would keep her name
out of it if she could post his bond.  She also testified that, during
that conversation, appellant admitted the drugs were his.  A tape
recording of their conversation was entered into evidence.  The tape
recording confirmed Roberts=s
testimony regarding the conversation.  On the tape recording, appellant
admitted the methamphetamine belonged to him.

The
evidence is legally and factually sufficient to support the jury=s verdict.  Even
though appellant was not in exclusive possession of the place where the
contraband was found, the circumstances justify the jury=s conclusion that appellant exercised care,
custody, control, or management over the substance and that he knew the
substance possessed was contraband.  The evidence showed that the
contraband was found in the vehicle that appellant was driving and that it was
within appellant=s
reach.  Roberts=s
testimony further linked appellant to the drugs.  Her testimony
established that, prior to being stopped, she and
appellant were using the drugs with the same syringe that was found in the
vehicle.  Her testimony also established that appellant had provided the
drugs  and that he had brought the drugs with him
in the black pouch that Officer Taylor had discovered in the search of the
vehicle.

 Roberts=s testimony was
corroborated by the tape recording of their phone conversation.  The tape
recording connected appellant to the offense because he admitted that the drugs
were his.  The conviction was not based solely on Roberts=s testimony.  We
overrule appellant=s
issue on appeal. 

Conclusion

We
affirm the judgment of the trial court. 

 

 

June 18,
2008                                                                                     
RICK STRANGE

Do not publish.  See Tex. R. App. P. 47.2(b).                                     JUSTICE

Panel consists of:  Wright,
C.J.,

McCall, J., and
Strange, J.














[1]We note that an issue complaining about the trial court=s ruling on a directed verdict is actually a challenge
to the legal sufficiency of the evidence.  Williams
v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  However, because
appellant raises it as a factual sufficiency issue, we will address both the factual
and legal sufficiency of the evidence.