**Opinion filed May 27, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00237-CR
_____

### BERNARD WILLIAMS, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 09-6917**

### M E M O R A N D U M   O P I N I O N

The jury convicted Bernard Williams of the offense of possession of 200 to 400 grams of cocaine with the intent to deliver, found the enhancement allegation to be true, and assessed punishment at confinement for thirty years and a $10,000 fine. We affirm.

Appellant presents two issues on appeal, both challenging the sufficiency of the evidence. Relying on the sufficiency standard addressed in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), appellant asserts that the evidence is insufficient to show that he possessed the cocaine and that he possessed it with the intent to deliver. Under this standard, we must review

all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Brooks*, 323 S.W.3d at 899. To prove unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Martin v. State*, 753 S.W.2d 384, 386 (Tex. Crim. App. 1988). When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must link the accused to the contraband and establish that the accused's connection with the drug was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006); *Pollan v. State*, 612 S.W.2d 594 (Tex. Crim. App. 1981). Among the many "links" that have been recognized to establish possession of contraband is whether the accused possessed other contraband or narcotics when arrested, whether the contraband was in plain view, and whether the accused owned or possessed the place where the drugs were found. *Evans*, 202 S.W.3d at 162 n.12.

The record shows that Lamesa police conducted surveillance of appellant's house during the summer of 2009 and used the services of a confidential informant to make three separate controlled buys at the residence. In one of the transactions, appellant was the person who sold to the individual. In the other two, appellant's cousin, Dwight Mason, was the seller. Police then obtained and executed a search and arrest warrant. Appellant was apprehended inside the house in the restroom, and Mason was apprehended outside. Appellant had several small rocks of crack cocaine in his pocket. As soon as one of the officers walked into the kitchen, he saw a plate containing 80 to 100 rocks of crack cocaine and two razor blades. The testimony showed that this cocaine would be for distribution, not for personal use. Police also found a plastic bag in the same cabinet that contained large rocks of crack cocaine that were still damp, suggesting recent manufacture. More than 250 grams of cocaine were found in the kitchen. Mail addressed to appellant at that address was found in the living room.

Appellant testified that he had never sold crack cocaine to anyone, that he had no knowledge of the cocaine in the kitchen, and that he did not have any cocaine in his pocket at the time of his arrest. Appellant admitted that the house belonged to him and that he lived alone, but

2

he testified that other people were in and out regularly and that, when he was arrested, he had just arrived at his house after being gone for two days.

We hold that a rational trier of fact could have found beyond a reasonable doubt that appellant possessed the cocaine found in his kitchen and that he possessed it with the intent to deliver. Appellant was linked to the contraband in the kitchen by evidence showing that appellant owned the house, was inside the house at the time of the search, had several rocks of crack cocaine in his pocket at that time, and had sold cocaine to a confidential informant in a controlled buy that was conducted at appellant's house. Appellant's issues are overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


May 27, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.