Opinion filed May 27, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00237-CR 

                                                    __________

 

                                 BERNARD
WILLIAMS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 106th District Court

 

                                                          Dawson
County, Texas

 

                                                    Trial
Court Cause No. 09-6917

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Bernard Williams of the offense of possession of 200 to 400
grams of cocaine with the intent to deliver, found the enhancement allegation
to be true, and assessed punishment at confinement for thirty years and a
$10,000 fine.  We affirm.

Appellant
presents two issues on appeal, both challenging the sufficiency of the
evidence.  Relying on the sufficiency standard addressed in Brooks v. State,
323 S.W.3d 893 (Tex. Crim. App. 2010), appellant asserts that the evidence is
insufficient to show that he possessed the cocaine and that he possessed it
with the intent to deliver.  Under this standard, we
must review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307 (1979); Brooks, 323 S.W.3d at 899. To prove unlawful
possession of a controlled substance, the State must prove that the accused
exercised care, custody, control, or management over the substance and that the
accused knew the matter possessed was contraband.  Poindexter v. State,
153 S.W.3d 402, 405 (Tex. Crim. App. 2005); Martin v. State, 753 S.W.2d
384, 386 (Tex. Crim. App. 1988).  When the accused is not shown to have had
exclusive possession of the place where the contraband was found, the evidence must link the accused to the contraband and
establish that the accused’s connection with the drug was more than
fortuitous.  Evans v. State, 202 S.W.3d 158, 161-62 (Tex. Crim. App.
2006); Pollan v. State, 612 S.W.2d 594 (Tex. Crim. App. 1981).  Among
the many “links” that have been recognized to establish possession of
contraband is whether the accused possessed other contraband or narcotics when
arrested, whether the contraband was in plain view, and whether the accused
owned or possessed the place where the drugs were found.  Evans, 202
S.W.3d at 162 n.12.

The
record shows that Lamesa police conducted surveillance of appellant’s house during
the summer of 2009 and used the services of a confidential informant to make
three separate controlled buys at the residence.  In one of the transactions,
appellant was the person who sold to the individual.  In the other two,
appellant’s cousin, Dwight Mason, was the seller.  Police then obtained and
executed a search and arrest warrant.  Appellant was apprehended inside the
house in the restroom, and Mason was apprehended outside.  Appellant had
several small rocks of crack cocaine in his pocket.  As soon as one of the
officers walked into the kitchen, he saw a plate containing 80 to 100 rocks of
crack cocaine and two razor blades.  The testimony showed that this cocaine would
be for distribution, not for personal use.  Police also found a plastic bag in
the same cabinet that contained large rocks of crack cocaine that were still damp,
suggesting recent manufacture.  More than 250 grams of cocaine were found in
the kitchen.  Mail addressed to appellant at that address was found in the
living room.

Appellant
testified that he had never sold crack cocaine to anyone, that he had no
knowledge of the cocaine in the kitchen, and that he did not have any cocaine in
his pocket at the time of his arrest.  Appellant admitted that the house
belonged to him and that he lived alone, but he testified that other people
were in and out regularly and that, when he was arrested, he had just arrived
at his house after being gone for two days.

            We
hold that a rational trier of fact could have found beyond a reasonable doubt
that appellant possessed the cocaine found in his kitchen and that he possessed
it with the intent to deliver.  Appellant was linked to the contraband in the
kitchen by evidence showing that appellant owned the house, was inside the
house at the time of the search, had several rocks of crack cocaine in his
pocket at that time, and had sold cocaine to a confidential informant in a
controlled buy that was conducted at appellant’s house.  Appellant’s issues are
overruled.  

            The
judgment of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

            

May 27, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]

 









[1]Rick Strange, Justice, resigned effective April 17, 2011. 
The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.