**Opinion filed July 7, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00171-CR
_____

## JESSE LENDELL WOODRUFF, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 12471**

## MEMORANDUM OPINION

The jury convicted Jesse Lendell Woodruff of the offense of possession of more than four grams of cocaine and assessed his punishment at confinement for twelve years. We affirm.

Appellant presents five issues on appeal. In the first issue, appellant contends that the evidence is legally and factually insufficient to support his conviction. In the second issue, he asserts that his right to due process was violated. Appellant complains in his third issue of the admission of evidence of extraneous conduct. In the fourth and fifth issues, appellant complains of remarks made by the prosecutor during trial.

*Sufficiency of the Evidence*

We note at the outset of our analysis of appellant's first issue that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

In cases involving unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew that the matter possessed was contraband. *Martin v. State*, 753 S.W.2d 384 (Tex. Crim. App. 1988). When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must link the accused to the contraband and establish that the accused's connection with the drug was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006); *Pollan v. State*, 612 S.W.2d 594 (Tex. Crim. App. 1981). Furthermore, in order to support a conviction based upon the testimony of an accomplice, there must be corroborating evidence that tends to connect the accused with the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005); *Reed v. State*, 744 S.W.2d 112 (Tex. Crim. App. 1988). To determine the sufficiency of the corroboration, we must examine the testimony of the non-accomplice witnesses and determine if there is inculpatory evidence "tending to connect" appellant to the crime. *Reed*, 744 S.W.2d at 127. An accomplice witness

---

[1]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[2]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

need not be corroborated in all his testimony, and the corroboration need not directly link the accused to the crime or be sufficient in itself to establish guilt. *Id.*

The record in this case shows that appellant was a passenger in a vehicle that was stopped by police for a traffic violation at about 2:30 in the morning. Appellant was in the front passenger seat. Nathan Robinson was driving, and Cacee Delane Corbell was in the backseat. The two officers conducting the traffic stop were narcotics investigators who were on patrol in an area known for high-crime activity and narcotic trafficking. Both observed marihuana seeds in plain view in the vehicle. After a K-9 unit alerted on the vehicle, a water bottle was found underneath the center console where somebody had tried to hide it. The water bottle had a hidden compartment containing 17.15 grams of cocaine.

Corbell, an accomplice, testified that, as they were being pulled over, appellant and Robinson started trying to hide stuff. She saw appellant hiding "bottles or something" in the console area. Appellant tossed a bag of marihuana to Corbell and told her to "stuff it," meaning to put it inside her vagina. Corbell received deferred adjudication for possession of this marihuana, which was found in the police car in which Corbell was transported to jail. According to Corbell, appellant brought the drugs with him. Corbell testified that Robinson had run out of drugs to sell and had contacted appellant to obtain more. Robinson and appellant arranged a meeting wherein Robinson would pick appellant up, purchase drugs from him, and then drop him off.

We hold that the evidence is sufficient to support the jury's verdict and that appellant was sufficiently linked to the cocaine. The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). As such, the jury was free to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). From the evidence introduced at trial, the jury could have determined beyond a reasonable doubt that appellant exercised care, custody, control, or management over the substance and that he knew the matter possessed was contraband.

We also hold that Corbell's testimony was sufficiently corroborated by the testimony of non-accomplice witnesses. Non-accomplice testimony was introduced showing that appellant was in the front passenger seat near the location of the cocaine, that marihuana was in plain view in the vehicle, that the area where the vehicle was stopped at 2:30 in the morning was known for

narcotic trafficking, that all three people in the vehicle were "extremely nervous" upon being stopped by police, and that appellant routinely got other people to give him rides when he had narcotics with him. Appellant's first issue is overruled.

In his second issue, appellant asserts that his due process rights were violated due to the lack of evidence in support of his conviction. In response to appellant's first issue, we held that the evidence was sufficient to support his conviction. Thus, appellant's due process rights were not violated by any lack of evidence. The second issue is overruled.

*Extraneous Conduct*

In his third issue, appellant asserts that the State elicited testimony of extraneous conduct in violation of TEX. R. EVID. 404(b). Appellant points to the following testimony by one of the officers during the guilt/innocence phase of trial: "The occupants of the vehicle had previously been contacted for narcotic activity." Appellant objected that "there has been no foundation laid for that statement. That is nonresponsive to the question." We note that the officer later clarified his testimony and indicated that Robinson, not appellant, was the person who had previously been stopped in that vehicle when drugs were in it. In this issue, appellant also complains of testimony admitted during the punishment phase of trial showing that, on another occasion, appellant "was stopped and arrested in a vehicle found to contain cocaine." At the time of the testimony about which appellant complains, appellant did not object on the basis of Rule 404(b) or on any basis that would put the trial court on notice that appellant was objecting to the introduction of an extraneous bad act. Because appellant's issue on appeal does not comport with the objections made at trial, he has preserved nothing for appellate review. TEX. R. APP. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Moreover, evidence of extraneous crimes and bad acts is admissible at the punishment phase of trial. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2010). The third issue is overruled.

*Remarks by Prosecutor*

In his fourth and fifth issues, appellant complains that various remarks made by the prosecutor during his jury argument at both the guilt/innocence phase and the punishment phase of trial constituted improper jury argument. Appellant did not preserve a complaint to any of these remarks because he did not object at trial to any of these remarks, nor did he request an instruction to disregard the remarks or move for a mistrial. *See* Rule 33.1(a); *Cockrell v. State*,

4

933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Weems v. State*, 328 S.W.3d 172, 179 (Tex. App.—Eastland 2010, no pet.).  The fourth and fifth issues are overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


July 7, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel[3] consists of:  Wright, C.J.,
McCall, J., and Hill, J.[4]

---

[3]Rick Strange, Justice, resigned effective April 17, 2011.  The justice position is vacant pending appointment of a successor by the governor.

[4]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.