Opinion filed June 22, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed
June 22, 2006      

 

                                                                                                                                                            

                                                                                                                                                            

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00072-CR 

                                                    __________

 

                                   BARRY
E. ALLEN, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                         Midland County, Texas

 

                                                 Trial
Court Cause No. CR29496

 



 

                                                                   O
P I N I O N

The jury convicted Barry E. Allen, Jr. of
possession of methamphetamine and assessed his punishment at confinement for
180 days.  We affirm.

                                                                 Issues
Presented     








In two issues, appellant argues that the evidence
was both Alegally@ and Afactually@ insufficient to support his
conviction.  In particular, appellant
contends that the evidence linking him to the methamphetamine was Aso weak@
that the evidence is both legally and factually insufficient to support the
conviction.

                                                              Standards
of Review

In deciding whether the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict in order to determine whether a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979);  Jackson v. State, 17
S.W.3d 664 (Tex. Crim. App. 2000).  In
order to determine if the evidence is factually sufficient, we must review all
of the evidence in a neutral light and determine whether the evidence
supporting guilt is so weak that the verdict is clearly wrong and manifestly
unjust or whether the evidence contrary to the verdict is so strong that the
beyond-a-reasonable-doubt burden of proof could not have been met.  Zuniga v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004);  Ross v. State,
133 S.W.3d 618 (Tex. Crim. App. 2004); Vasquez v. State, 67 S.W.3d 229,
236 (Tex. Crim. App. 2002); Cain v. State, 958 S.W.2d 404 (Tex. Crim.
App. 1997); Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).

                                                  Evidence
Presented

The indictment charged that appellant possessed
less than one gram of methamphetamine on March 7, 2004.  There were three witnesses who testified for
the State during the first phase of trial on February 3, 2005.  The first two were Midland police officers,[1]
and the third was a chemist who worked for the Texas Department of Public
Safety.

After the State rested, appellant testified that
he did not possess the methamphetamine which was found by the police when they
responded to a Adomestic
disturbance@
complaint from the motel where appellant and his wife had a room.








Officer Troy Eugene Hively testified that the
dispatcher sent him to the Westwind Motel in Midland because of a report of a
fight in one of the rooms at the motel. 
Officer Hively was directed to Room 34. 
When he knocked on the door of that room, Officer Hively said that he
was told by a female to wait while she got dressed.  After he waited for several moments,  the door was opened by a blonde pregnant
female who had a cut lip and who seemed to be extremely anxious.  Officer Hively testified that there were
several knives in plain view, that the woman=s
Aeyes were darting about,@ that her Aarms
were jerking a little bit,@
and that the situation Aseemed
to be consistent with drug use.@   Officer Hively testified that the woman said
that she had not been fighting with her husband and that she beckoned the
officer to come into the room.  She said
that her husband was in the bathroom and told the officer that he would have to
wait until her husband finished to talk to him. 
Midland Police Officer William Taylor Welch arrived while they were
waiting for appellant.  

Officer Hively also testified that, when appellant
came out of the bathroom, appellant was Aalso
exhibiting some symptoms.@  Officer Hively said that appellant=s eyes were darting about, that
appellant could not seem to sit or stand still, and that appellant Aseemed to be very shaky.@ 
Officer Hively explained about the video recorder units which are in the
Midland Police squad cars and the microphones which are carried by the
officers.  Officer Hively said that he
turned on the microphone while he was at the motel.         Officer
Hively had the dispatcher check the computer for any outstanding warrants on
the two people who were in the room. 
There was an outstanding warrant for appellant=s
arrest. After the dispatcher told them about the outstanding warrant, Officer
Welch took appellant into custody and transported him.  

As they were getting ready to leave the room,
Officer Hively noticed some brass pipe fittings on the dresser.  Officer Hively said that it was a Amarihuana pipe@
and that he could smell the marihuana and see the residue in the pipe.  Officer Hively testified that appellant gave
consent for the search.  Officer Hively
began his search in the bathroom because appellant had spent so much time in
there.  Under some dirty towels, Officer
Hively found syringes and a Aspoon
that looked consistent with drug use.@  In the bathtub, Officer Hively found a set of
scales.  Officer Hively said that he did
not arrest appellant=s
wife Abecause
he did not want to take a pregnant gal to jail.@  








Officer Welch said that, when appellant came out
of the bathroom, he had appellant step outside the room so that he could
interview him while Officer Hively interviewed appellant=s
wife.  Officer Welch said that it was the
policy of their department to make separate interviews of the two parties when
there is a domestic disturbance call. 
Officer Welch testified that he turned on his microphone while he was
talking to appellant.  When the
dispatcher reported an outstanding warrant, 
appellant was handcuffed.  Officer
Welch testified that he Aasked
for consent to look around in the room@
and that appellant said that they could Ago
ahead and look.@  Officer Welch said that he AMirandized@[2]
appellant and that appellant agreed to talk to him.  The tape recording was played for the jury,
but it was not transcribed by the court reporter. 

Appellant told Officer Welch that he was having a Abad trip.@  Officer Welch took appellant to the emergency
room after personnel at the detention center told him to take appellant to the
hospital.  The doctor decided that
appellant should be admitted to the hospital.  During cross-examination, Officer Welch agreed
that the tape recording showed that, when appellant told him to Ago ahead@
with the search, appellant also said: AI
don=t have anything here.@ 


Dennis Hambrick, 
a chemist who worked for the Texas Department of Public Safety,
testified that the exhibits submitted to him contained methamphetamine.  One of the exhibits weighed .23 grams, and
the other weighed .11 grams.

Appellant testified in his own behalf.  He admitted two prior felony
convictions.  He further testified that
he had never had any drug-related convictions and that he worked as a driller
on drilling rigs and ran the crews. 
Appellant then testified about the events leading up to his arrest.  Appellant said that his wife was pregnant and
that the police had both of them in handcuffs. 
Appellant said the first police officer said that, if appellant would Atake the rap@
and say that Ait was
mine, he would leave my wife out@
of it.  Appellant said that the drugs
which the police found were not his drugs. 
Appellant also testified during examination by his lawyer that he did
say something like: AI=ll take the rap.@  Appellant testified that he said that so the
police officers would not take his wife to jail.

                                                                        Opinion








We review the fact-finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact-finder.  Cain, 958 S.W.2d
404; Clewis , 922 S.W.2d 126.  Due
deference must be given to the fact-finder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1 (Tex. Crim. App. 2000); Jones v. State, 944 S.W.2d 642 (Tex.
Crim. App. 1996).  The jury was the sole
judge of the weight of the testimony and of the credibility of the
witnesses.  Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon 1981) and
art. 38.04 (Vernon 1979).  

In cases involving unlawful possession of a
controlled substance, the State must prove that the accused exercised care,
control, or management over the substance and that the accused knew that the
substance was contraband. Poindexter v. State, 153 S.W.3d 402, 405 (Tex.
Crim. App. 2005); Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App.
1988).  When the accused does not have
exclusive possession of the place where the contraband was recovered, the
evidence must affirmatively link the accused to the contraband.  Poindexter, 153 S.W.3d at 406; Brown
v. State, 911 S.W.2d 744 (Tex. Crim. App.1995); Pollan v. State, 612
S.W.2d 594 (Tex. Crim. App. 1981).  The
link, however, need not be so strong that it excludes every other reasonable
hypothesis except the defendant=s
guilt, and the evidence can be direct or circumstantial.  Poindexter, 153 S.W.3d at 406; Brown,
911 S.W.2d  at 747-48.  

The evidence sufficiently links appellant to the
methamphetamine and establishes that appellant=s
connection with the contraband was Amore
than just fortuitous.@
Poindexter, 153 S.W.3d at 406; Brown, 911 S.W.2d at 747.  A rational trier of fact could have found
beyond a reasonable doubt that appellant committed the offense. The evidence is
legally sufficient to support the verdict. 
Further, when viewed in a neutral light, the evidence supporting guilt
is not so weak that the verdict is clearly wrong and manifestly unjust, and the
evidence contrary to the verdict is not so strong that the
beyond-a-reasonable-doubt burden of proof could not have been met. The evidence
is factually sufficient.  Both of the
issues which were presented for review are overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

BOB DICKENSON

SENIOR JUSTICE

June 22, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  McCall, J., and

Strange,
J., and Dickenson, S.J.[3]











[1]The videotapes which were made by the officers were
also played for the jury, and the audio portion of those tapes support the
officers= version of the incident.  Both tape recordings were played for the jury
during trial.





[2]Miranda v. Arizona, 384 U.S. 436 (1966). 





[3]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.