Opinion filed May 12, 2011

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00145-CR 

                                                    __________

 

                               EMANUEL
LEE FARRIS, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 358th District Court

                                                             Ector
County, Texas

                                                   Trial
Court Cause No. D-35,694 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Emanuel Lee Farris of possession of four grams or more but less
than 200 grams of cocaine with the intent to deliver.  Appellant pleaded true
to an enhancement allegation.  The jury found the enhancement allegation to be
true and assessed appellant’s punishment at thirty years confinement and a fine
of $10,000.  The trial court sentenced him accordingly.  We affirm.

Sufficiency
of the Evidence Standard of Review

            In
his sole point of error, appellant challenges the factual sufficiency of the
evidence to support his conviction.  Specifically, appellant contends that the
evidence was insufficient to affirmatively link him to the cocaine.  We note at
the outset of our analysis that the Texas Court of Criminal Appeals has now
held in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010), that
there is “no meaningful distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2]
factual-sufficiency standard”; that the Jackson v. Virginia standard is
the “only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt”; and that “[a]ll
other cases to the contrary, including Clewis, are overruled.”  Brooks,
323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly, a challenge to the
factual sufficiency of the evidence is no longer viable.  We also note that
appellant did not have the benefit of the opinion in Brooks when this
case was briefed.  We will review appellant’s sufficiency challenge under the
legal sufficiency standard set forth in Jackson v. Virginia.  Under this
standard, we must review all of the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307; Brooks, 323 S.W.3d at 899.

            In a
prosecution for possession of a controlled substance, the State must prove that
the accused exercised care, custody, control, or management over the substance
and that the accused knew the substance was contraband.  Tex. Health & Safety Code Ann. §
481.002(38) (Vernon 2010); Evans v. State, 202 S.W.3d 158, 161 (Tex.
Crim. App. 2006); Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App.
1988).  The State does not have to prove that the accused had exclusive
possession of the contraband; joint possession is sufficient to sustain a
conviction.  Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). 
When the accused is not shown to have had exclusive possession of the place
where the contraband was found, the evidence must affirmatively link the
accused to the contraband.  Pollan v. State, 612 S.W.2d 594, 596 (Tex.
Crim. App. 1981).  The legal issue with respect to such “links” is “whether
there was evidence of circumstances, in addition to mere presence, that would
adequately justify the conclusion that the defendant knowingly possessed the
substance.”  Evans, 202 S.W.3d at 161-62 & n.9.  No set formula
exists to dictate a finding of affirmative links sufficient to support an
inference of knowing possession of contraband.  Isbell v. State, 246
S.W.3d 235, 238 (Tex. App.—Eastland 2007, no pet.); Taylor v. State, 106
S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).  The number of factors
present is not as important as the logical force or the degree to which the
factors, alone or in combination, tend to affirmatively link the defendant to
the contraband.  Isbell, 246 S.W.3d at 238.

Evidence
at Trial 

            The
record shows that, on October 23, 2008, Odessa police officers conducted surveillance
on the High Plains Apartment complex located at 3727 Andrews Highway.  Police
Corporal Brad Davis testified that, during the surveillance, several vehicles
approached and left Building 13.  Corporal Davis said that the amount of
traffic to and from Building 13 indicated that illegal drug activity was
occurring.  Officer Alex Jurado saw two people exit Apartment 1309.  Officer
Jurado said that the people got into a maroon SUV and left the complex.  Officer
Jurado radioed patrol officers to stop the vehicle.  Officers stopped the
vehicle after the driver made an improper turn.  Santausha Gant was the driver
of the vehicle, and appellant was the passenger.  During the stop, appellant
told Officer Rusty Martin that he and Gant had come from Apartment 1309 at the
High Plains Apartments and that he lived at Apartment 1309.  Appellant also
told Officer Kolby Kea that he had come from Apartment 1309.  Appellant told
Officer Kea that he “stayed” at Apartment 1309.

            Apartment
1309 is an upstairs apartment.  Corporal Davis went up the stairs to the
apartment.  He testified that, as he approached the apartment, he smelled the
odor of burning marihuana coming from inside the apartment.  Corporal Davis
went down the stairs to tell the other officers about the marihuana.  A male
exited the apartment, and Corporal Davis detained him.  Corporal Davis learned
that the man’s name was Demoria Donovan.  While two officers left the apartment
complex to obtain a search warrant for Apartment 1309, other officers stayed
and conducted a protective sweep of the apartment.  The officers found Victor
Morgan sleeping in the southwest bedroom.  The officers held Morgan and Donovan
in the living room and waited for the other officers to return with a search
warrant.

            After
the warrant was obtained, the officers executed it.  During the search, the
officers found a substantial quantity of drugs and drug paraphernalia in the
apartment.  They found marihuana, small Ziploc baggies, and pills on the coffee
table in the living room.  Corporal Davis testified that Ziploc baggies are
used for packaging and selling narcotics.  The officers found a prescription pill
bottle with appellant’s name on it and a letter addressed to appellant at 3727
Andrews Highway on the dresser in the northwest bedroom.  They also found a
pipe for smoking marihuana on that dresser.  Corporal Davis said that the pipe
contained marihuana residue.  The officers found digital scales, razor blades,
and a “cookie” of crack cocaine in the top left drawer of that dresser.  Corporal
Davis said that scales are used to weigh drugs when buying or selling them.  He
also said that razor blades are used to cut the cocaine into small pieces to
sell for individual use.  The officers found a letter addressed to appellant at
3727 Andrews Highway, Number 1309, in the bottom left drawer of the dresser in
the northwest bedroom.  The letter was postmarked on October 15, 2008.  The
officers found a “bong” for smoking marihuana, marihuana, a marihuana grinder,
an ashtray containing the remains of marihuana cigarettes, and a Ziploc baggie
containing several little baggies on a nightstand in the northwest bedroom. Corporal
Davis testified that men’s clothes were in one side of the closet in the
northwest bedroom and that women’s clothes were on the other side of the
closet.  In that closet, the officers found crack cocaine in a pocket of a pair
of orange men’s shorts.  The officers found marihuana in the top left dresser
drawer in the southwest bedroom.  They also found a cigar blunt containing
marihuana in the top right drawer of that dresser.  The officers also found
marihuana, a marihuana “bong,” and currency in the closet in the southwest
bedroom.  The officers found a Coca-Cola can with a false top in the
refrigerator in the kitchen.  A baggie inside the can contained crack cocaine. 
Police Sergeant Darryl Smith testified that this cocaine was packaged in
individual wrappers and ready for sale.

            Texas
Department of Public Safety Chemist Dennis Hambrick analyzed the substance
found in the dresser drawer in the northwest bedroom (State’s Exhibit No. 20),
the substance found in the men’s shorts in the closet in the northwest bedroom
(State’s Exhibit No. 22), and the substance found in the Coca-Cola can (State’s
Exhibit No. 41).  Hambrick testified that State’s Exhibit No. 20 weighed 18.83
grams and contained cocaine base, that State’s Exhibit No. 22 weighed 24.60
grams and contained cocaine base, and that State’s Exhibit No. 41 weighed 3.21
grams and contained cocaine base.  Officers explained during their testimony
that such a large quantity of cocaine would have been intended for distribution,
not personal use.

            The
lease for Apartment 1309 was in Gant’s name.  Morgan was listed as a
sixteen-year-old occupant of the apartment.

Analysis

            After
reviewing all the evidence, we hold that the evidence is legally sufficient to
support the jury’s verdict.  Although appellant was not in exclusive possession
of the place where the cocaine was found, the circumstances justify the jury’s
conclusion that appellant exercised care, custody, control, or management over
the cocaine and that he knew the matter possessed was cocaine.  The State
established several affirmative links between appellant and the cocaine. 
Appellant was in the apartment while the officers conducted the surveillance. 
Officer Jurado saw appellant exit the apartment.  Appellant and Gant left the
apartment complex in a maroon SUV.  After the vehicle was stopped, appellant
told the officers that he lived at Apartment 1309.   During the search,
officers found a prescription pill bottle with appellant’s name on it and a
letter addressed to appellant on top of the dresser in the northwest bedroom.  The
officers found another letter addressed to appellant at Apartment 1309 in a
drawer of that dresser.  This letter was postmarked eight days before the
officers conducted the search.  The officers found 18.83 grams of cocaine in
another drawer of the dresser in the northwest bedroom.  The officers found
24.60 grams of cocaine in the pair of men’s shorts in the closet in the
northwest bedroom.  In addition, the officers found other drugs and drug
paraphernalia in the apartment as described above.  Based on the evidence
linking appellant to the cocaine, a rational jury could have found beyond a reasonable
doubt that appellant knowingly possessed the cocaine with the intent to
deliver.  Appellant’s point of error is overruled.

This
Court’s Ruling

            The
judgment of the trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

May 12, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[3]
consists of:  Wright, C.J.,                                             

McCall, J., and Hill, J.[4]









[1]Jackson
v. Virginia, 443 U.S. 307 (1979).





 

[2]Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).





[3]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[4]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.