**Opinion filed May 12, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00145-CR

_____

## EMANUEL LEE FARRIS, Appellant
## V.
## STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-35,694**

### MEMORANDUM OPINION

The jury convicted Emanuel Lee Farris of possession of four grams or more but less than 200 grams of cocaine with the intent to deliver. Appellant pleaded true to an enhancement allegation. The jury found the enhancement allegation to be true and assessed appellant's punishment at thirty years confinement and a fine of $10,000. The trial court sentenced him accordingly. We affirm.

*Sufficiency of the Evidence Standard of Review*

In his sole point of error, appellant challenges the factual sufficiency of the evidence to support his conviction. Specifically, appellant contends that the evidence was insufficient to affirmatively link him to the cocaine. We note at the outset of our analysis that the Texas Court

of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

In a prosecution for possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew the substance was contraband. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon 2010); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). The State does not have to prove that the accused had exclusive possession of the contraband; joint possession is sufficient to sustain a conviction. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must affirmatively link the accused to the contraband. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981). The legal issue with respect to such "links" is "whether there was evidence of circumstances, in addition to mere presence, that would adequately justify the conclusion that the defendant knowingly possessed the substance." *Evans*, 202 S.W.3d at 161-62 & n.9. No set formula exists to dictate a finding of affirmative links sufficient to support an inference of knowing possession of contraband. *Isbell v. State*, 246 S.W.3d 235, 238 (Tex. App.—Eastland 2007, no pet.); *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). The number of factors present is not as important as the logical force or the degree to which the

---

[1] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[2] *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

2

factors, alone or in combination, tend to affirmatively link the defendant to the contraband. *Isbell*, 246 S.W.3d at 238.

*Evidence at Trial*

The record shows that, on October 23, 2008, Odessa police officers conducted surveillance on the High Plains Apartment complex located at 3727 Andrews Highway. Police Corporal Brad Davis testified that, during the surveillance, several vehicles approached and left Building 13. Corporal Davis said that the amount of traffic to and from Building 13 indicated that illegal drug activity was occurring. Officer Alex Jurado saw two people exit Apartment 1309. Officer Jurado said that the people got into a maroon SUV and left the complex. Officer Jurado radioed patrol officers to stop the vehicle. Officers stopped the vehicle after the driver made an improper turn. Santausha Gant was the driver of the vehicle, and appellant was the passenger. During the stop, appellant told Officer Rusty Martin that he and Gant had come from Apartment 1309 at the High Plains Apartments and that he lived at Apartment 1309. Appellant also told Officer Kolby Kea that he had come from Apartment 1309. Appellant told Officer Kea that he "stayed" at Apartment 1309.

Apartment 1309 is an upstairs apartment. Corporal Davis went up the stairs to the apartment. He testified that, as he approached the apartment, he smelled the odor of burning marihuana coming from inside the apartment. Corporal Davis went down the stairs to tell the other officers about the marihuana. A male exited the apartment, and Corporal Davis detained him. Corporal Davis learned that the man's name was Demoria Donovan. While two officers left the apartment complex to obtain a search warrant for Apartment 1309, other officers stayed and conducted a protective sweep of the apartment. The officers found Victor Morgan sleeping in the southwest bedroom. The officers held Morgan and Donovan in the living room and waited for the other officers to return with a search warrant.

After the warrant was obtained, the officers executed it. During the search, the officers found a substantial quantity of drugs and drug paraphernalia in the apartment. They found marihuana, small Ziploc baggies, and pills on the coffee table in the living room. Corporal Davis testified that Ziploc baggies are used for packaging and selling narcotics. The officers found a prescription pill bottle with appellant's name on it and a letter addressed to appellant at 3727 Andrews Highway on the dresser in the northwest bedroom. They also found a pipe for smoking marihuana on that dresser. Corporal Davis said that the pipe contained marihuana residue. The

3

officers found digital scales, razor blades, and a "cookie" of crack cocaine in the top left drawer of that dresser. Corporal Davis said that scales are used to weigh drugs when buying or selling them. He also said that razor blades are used to cut the cocaine into small pieces to sell for individual use. The officers found a letter addressed to appellant at 3727 Andrews Highway, Number 1309, in the bottom left drawer of the dresser in the northwest bedroom. The letter was postmarked on October 15, 2008. The officers found a "bong" for smoking marihuana, marihuana, a marihuana grinder, an ashtray containing the remains of marihuana cigarettes, and a Ziploc baggie containing several little baggies on a nightstand in the northwest bedroom. Corporal Davis testified that men's clothes were in one side of the closet in the northwest bedroom and that women's clothes were on the other side of the closet. In that closet, the officers found crack cocaine in a pocket of a pair of orange men's shorts. The officers found marihuana in the top left dresser drawer in the southwest bedroom. They also found a cigar blunt containing marihuana in the top right drawer of that dresser. The officers also found marihuana, a marihuana "bong," and currency in the closet in the southwest bedroom. The officers found a Coca-Cola can with a false top in the refrigerator in the kitchen. A baggie inside the can contained crack cocaine. Police Sergeant Darryl Smith testified that this cocaine was packaged in individual wrappers and ready for sale.

Texas Department of Public Safety Chemist Dennis Hambrick analyzed the substance found in the dresser drawer in the northwest bedroom (State's Exhibit No. 20), the substance found in the men's shorts in the closet in the northwest bedroom (State's Exhibit No. 22), and the substance found in the Coca-Cola can (State's Exhibit No. 41). Hambrick testified that State's Exhibit No. 20 weighed 18.83 grams and contained cocaine base, that State's Exhibit No. 22 weighed 24.60 grams and contained cocaine base, and that State's Exhibit No. 41 weighed 3.21 grams and contained cocaine base. Officers explained during their testimony that such a large quantity of cocaine would have been intended for distribution, not personal use.

The lease for Apartment 1309 was in Gant's name. Morgan was listed as a sixteen-year-old occupant of the apartment.

*Analysis*

After reviewing all the evidence, we hold that the evidence is legally sufficient to support the jury's verdict. Although appellant was not in exclusive possession of the place where the cocaine was found, the circumstances justify the jury's conclusion that appellant exercised care,

custody, control, or management over the cocaine and that he knew the matter possessed was cocaine. The State established several affirmative links between appellant and the cocaine. Appellant was in the apartment while the officers conducted the surveillance. Officer Jurado saw appellant exit the apartment. Appellant and Gant left the apartment complex in a maroon SUV. After the vehicle was stopped, appellant told the officers that he lived at Apartment 1309. During the search, officers found a prescription pill bottle with appellant's name on it and a letter addressed to appellant on top of the dresser in the northwest bedroom. The officers found another letter addressed to appellant at Apartment 1309 in a drawer of that dresser. This letter was postmarked eight days before the officers conducted the search. The officers found 18.83 grams of cocaine in another drawer of the dresser in the northwest bedroom. The officers found 24.60 grams of cocaine in the pair of men's shorts in the closet in the northwest bedroom. In addition, the officers found other drugs and drug paraphernalia in the apartment as described above. Based on the evidence linking appellant to the cocaine, a rational jury could have found beyond a reasonable doubt that appellant knowingly possessed the cocaine with the intent to deliver. Appellant's point of error is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

May 12, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[3] consists of: Wright, C.J.,
McCall, J., and Hill, J.[4]

---

[3]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[4]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.