Opinion filed July 7, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00171-CR

                                                    __________

 

                          JESSE
LENDELL WOODRUFF, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 118th District Court

 

                                                          Howard
County, Texas

 

                                                      Trial
Court Cause No. 12471

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Jesse Lendell Woodruff of the offense of possession of more than
four grams of cocaine and assessed his punishment at confinement for twelve
years.  We affirm.  

            Appellant
presents five issues on appeal.  In the first issue, appellant contends that
the evidence is legally and factually insufficient to support his conviction. 
In the second issue, he asserts that his right to due process was violated. 
Appellant complains in his third issue of the admission of evidence of
extraneous conduct.  In the fourth and fifth issues, appellant complains of
remarks made by the prosecutor during trial.  

Sufficiency
of the Evidence

We note at the outset of our analysis of appellant’s first
issue that the Texas Court of Criminal Appeals has now held in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App.
2010), that there is “no meaningful
distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2] factual-sufficiency standard”; that the Jackson v.
Virginia standard is the “only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt”;
and that “[a]ll other cases to the contrary, including Clewis, are
overruled.”  Brooks, 323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly,
a challenge to the factual sufficiency of the evidence is no longer viable.  We
also note that appellant did not have the benefit of the opinion in Brooks when
this case was briefed.  We will review appellant’s sufficiency challenge under
the legal sufficiency standard set forth in Jackson v. Virginia.  Under
this standard, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307; Brooks, 323 S.W.3d at 899.  

In
cases involving unlawful possession of a controlled substance, the State must
prove that the accused exercised care, custody, control, or management over the
substance and that the accused knew that the matter possessed was contraband.  Martin
v. State, 753 S.W.2d 384 (Tex. Crim. App. 1988).  When the accused is not
shown to have had exclusive possession of the place where the contraband was
found, the evidence must link the accused to the contraband and establish that
the accused’s connection with the drug was more than fortuitous.  Evans v.
State, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006); Pollan v. State,
612 S.W.2d 594 (Tex. Crim. App. 1981).  Furthermore, in order to support a
conviction based upon the testimony of an accomplice, there must be
corroborating evidence that tends to connect the accused with the offense.  Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005); Reed v. State, 744 S.W.2d 112 (Tex. Crim. App. 1988).  To
determine the sufficiency of the corroboration, we must examine the testimony
of the non‑accomplice witnesses and determine if there is inculpatory
evidence “tending to connect” appellant to the crime.  Reed, 744 S.W.2d
at 127.  An accomplice witness need not be corroborated in all his testimony,
and the corroboration need not directly link the accused to the crime or be
sufficient in itself to establish guilt.  Id.  

            The
record in this case shows that appellant was a passenger in a vehicle that was
stopped by police for a traffic violation at about 2:30 in the morning.  Appellant
was in the front passenger seat.  Nathan Robinson was driving, and Cacee Delane
Corbell was in the backseat.  The two officers conducting the traffic stop were
narcotics investigators who were on patrol in an area known for high-crime
activity and narcotic trafficking.  Both observed marihuana seeds in plain view
in the vehicle.  After a K-9 unit alerted on the vehicle, a water bottle was
found underneath the center console where somebody had tried to hide it.  The
water bottle had a hidden compartment containing 17.15 grams of cocaine.

            Corbell,
an accomplice, testified that, as they were being pulled over, appellant and
Robinson started trying to hide stuff.  She saw appellant hiding “bottles or
something” in the console area.  Appellant tossed a bag of marihuana to Corbell
and told her to “stuff it,” meaning to put it inside her vagina.  Corbell
received deferred adjudication for possession of this marihuana, which was
found in the police car in which Corbell was transported to jail.  According to
Corbell, appellant brought the drugs with him.  Corbell testified that Robinson
had run out of drugs to sell and had contacted appellant to obtain more.  Robinson
and appellant arranged a meeting wherein Robinson would pick appellant up,
purchase drugs from him, and then drop him off.

            We
hold that the evidence is sufficient to support the jury’s verdict and that
appellant was sufficiently linked to the cocaine.  The jury, as the trier of
fact, was the sole judge of the credibility of the witnesses and of the weight
to be given to their testimony.  Tex.
Code Crim. Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon
1979).  As such, the jury was free to believe or disbelieve all or any part of
any witness’s testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  From the evidence introduced at trial, the jury could have
determined beyond a reasonable doubt that appellant exercised care, custody,
control, or management over the substance and that he knew the matter possessed
was contraband. 

We
also hold that Corbell’s testimony was sufficiently corroborated by the
testimony of non‑accomplice witnesses.  Non-accomplice testimony was
introduced showing that appellant was in the front passenger seat near the
location of the cocaine, that marihuana was in plain view in the vehicle, that
the area where the vehicle was stopped at 2:30 in the morning was known for
narcotic trafficking, that all three people in the vehicle were “extremely
nervous” upon being stopped by police, and that appellant routinely got other
people to give him rides when he had narcotics with him.  Appellant’s first
issue is overruled. 

In
his second issue, appellant asserts that his due process rights were violated
due to the lack of evidence in support of his conviction.  In response to
appellant’s first issue, we held that the evidence was sufficient to support
his conviction.  Thus, appellant’s due process rights were not violated by any
lack of evidence.  The second issue is overruled. 

Extraneous
Conduct

            In
his third issue, appellant asserts that the State elicited testimony of
extraneous conduct in violation of Tex.
R. Evid. 404(b).  Appellant points to the following testimony by one of
the officers during the guilt/innocence phase of trial:  “The occupants of the
vehicle had previously been contacted for narcotic activity.”  Appellant
objected that “there has been no foundation laid for that statement.  That is
nonresponsive to the question.”  We note that the officer later clarified his
testimony and indicated that Robinson, not appellant, was the person who had
previously been stopped in that vehicle when drugs were in it.  In this issue,
appellant also complains of testimony admitted during the punishment phase of
trial showing that, on another occasion, appellant “was stopped and arrested in
a vehicle found to contain cocaine.”  At the time of the testimony about which
appellant complains, appellant did not object on the basis of Rule 404(b) or on
any basis that would put the trial court on notice that appellant was objecting
to the introduction of an extraneous bad act.  Because appellant’s issue on
appeal does not comport with the objections made at trial, he has preserved
nothing for appellate review. Tex. R.
App. P. 33.1(a); Wilson v. State, 71 S.W.3d 346, 349
(Tex. Crim. App. 2002).  Moreover, evidence of extraneous crimes and bad acts is
admissible at the punishment phase of trial.  Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2010).  The
third issue is overruled. 

Remarks
by Prosecutor

            In
his fourth and fifth issues, appellant complains that various remarks made by
the prosecutor during his jury argument at both the guilt/innocence phase and
the punishment phase of trial constituted improper jury argument.  Appellant
did not preserve a complaint to any of these remarks because he did not object
at trial to any of these remarks, nor did he request an instruction to
disregard the remarks or move for a mistrial.  See Rule 33.1(a); Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); Weems v. State,
328 S.W.3d 172, 179 (Tex. App.—Eastland 2010, no pet.).  The fourth and fifth
issues are overruled.  

            The
judgment of the trial court is affirmed. 

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

July 7, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[3]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[4]









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996). 





[3]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[4]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.