Opinion filed July 7, 2011

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00292-CR 

                                                    __________

 

                                   EARL
LEE COBB III, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 350th District Court

 

                                                            Taylor
County, Texas

 

                                                     Trial
Court Cause No. 8779D 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Earl Lee Cobb III of possession of cocaine in the amount of one
gram or more but less than four grams.  The trial court assessed appellant’s
punishment at five years confinement.  We affirm.

Sufficiency
of the Evidence Standard of Review

            Appellant
presents two issues for review.  In his issues, appellant challenges the legal and
factual sufficiency of the evidence to support his conviction.  We note at the
outset of our analysis that the Texas Court of Criminal Appeals has now held in
Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is
“no meaningful distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2]
factual-sufficiency standard”; that the Jackson v. Virginia standard is
the “only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt”; and that “[a]ll
other cases to the contrary, including Clewis, are overruled.”  Brooks,
323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly, a challenge to the
factual sufficiency of the evidence is no longer viable.  We also note that
appellant did not have the benefit of the opinion in Brooks when this
case was briefed.  We will review appellant’s sufficiency challenges under the
legal sufficiency standard set forth in Jackson v. Virginia.  Under this
standard, we must review all of the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307; Brooks, 323 S.W.3d at 899.

            In a
prosecution for possession of a controlled substance, the State must prove that
the accused exercised care, custody, control, or management over the substance
and that the accused knew the substance was contraband.  Tex. Health & Safety Code Ann. §
481.002(38) (Vernon 2010); Evans v. State, 202 S.W.3d 158, 161 (Tex.
Crim. App. 2006); Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App.
1988).  The State does not have to prove that the accused had exclusive
possession of the contraband; joint possession is sufficient to sustain a
conviction.  Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). 
When the accused is not shown to have had exclusive possession of the place
where the contraband was found, the evidence must link the accused to the
contraband and establish that the accused’s connection with the drug was more
than fortuitous. Evans, 202 S.W.3d at 161-62; Pollan v. State,
612 S.W.2d 594, 596 (Tex. Crim. App. 1981).  Courts have recognized a number of
factors that may link an accused to the drug.  Evans, 202 S.W.3d at 162
n.12.  The legal issue with respect to such “links” is “whether there was
evidence of circumstances, in addition to mere presence, that would adequately
justify the conclusion that the defendant knowingly possessed the substance.”  Evans,
202 S.W.3d at 161-62 & n.9.  No set formula exists to dictate a finding of
links sufficient to support an inference of knowing possession of contraband.  Isbell
v. State, 246 S.W.3d 235, 238 (Tex. App.—Eastland 2007, no pet.); Taylor
v. State, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).  It is not
the number of links that is dispositive but, rather, the logical force of all
the evidence, direct and circumstantial.  Evans, 202 S.W.3d at 162.

            A
conviction cannot be had on an accomplice witness’s testimony unless the
testimony is corroborated by other, non-accomplice evidence that tends to
connect the accused to the offense. Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 2005); Smith v. State,
332 S.W.3d 425, 439 (Tex. Crim. App. 2011).  When evaluating the sufficiency of
corroboration evidence under the accomplice-witness rule, we eliminate the
accomplice testimony from consideration and then examine the remaining portions
of the record to see if there is any evidence that tends to connect the accused
with the commission of the crime.  Malone v. State, 253 S.W.3d 253, 257
(Tex. Crim. App. 2008); Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim.
App. 2001).

The
Evidence at Trial

            Susan
Belver testified that she worked for the Abilene Police Department in the
Narcotics Division.  On April 3, 2008, the police were investigating appellant
for suspected illegal drug activity.  On that date, Officer Belver obtained a
search warrant for the residence located at 2202 Graham in Abilene, Texas.  Guinevere
Evans lived at the residence.  Officer Belver also obtained arrest warrants for
appellant and Evans.

            On
April 3, 2008, at about 3:00 p.m., Officer Belver and other police officers
executed the search warrant on the residence.  Officer Belver testified that
the residence was very small.  When she entered the house, Officer Belver saw
appellant fleeing toward the back door.  Officer Steve Rogers caught
appellant in the kitchen and detained him.  Evans was holding a metal crack
pipe in her hand.  The pipe had a burnt Chore Boy scrubbing pad inside it.  Officer Belver
explained that these pads are used as filters when smoking crack cocaine. 
Testing of the pipe revealed that it contained traces of cocaine.  Deborah
Bryant was also in the house when the officers executed the search warrant.

            During
the search, the officers found drugs and drug paraphernalia in different areas
of the house.  The officers found four spoons, two tamping rods, two utility
knife blades, two pen barrels, and a used Chore Boy scrubbing pad in a cosmetic
bag in the bedroom.  Officer Belver testified that these items are consistent
with the use of cocaine.  The officers found a black ceramic plate containing a
Chore Boy and a razor blade with traces of cocaine under the bed in the
bedroom.  The officers found a bag of baking powder in a closet.  Officer
Belver explained that baking powder is used in cooking crack cocaine.  The
officers found a glass crack pipe and two silver metal spoons underneath the
love seat in the living room.  The crack pipe contained a Chore Boy and burnt
residue.  The spoons were burned on the bottom and contained traces of an
off-white substance.  The officers also found a razor blade and off-white
crumbs in a hollowed-out pen on a plate in the microwave oven in the kitchen.  Officer
Belver testified that the officers found a cellophane wrapper containing “rocks”
of crack cocaine behind the washing machine in the kitchen.  The substance in
the wrapper tested positive for cocaine in a preliminary test.  Subsequent
testing of the substance at the Department of Public Safety Crime Laboratory in
Abilene showed that it contained cocaine and weighed 1.71 grams.  Appellant had
$158 in cash in his right shirt pocket.  Appellant told Officer Belver that he
had earned the money doing landscaping work.  The officers arrested appellant
and Evans.  The officers did not arrest Bryant because she was not named in an
arrest warrant and because she was not in possession of any illegal drugs.

            Evans
testified that she rented the house at 2202 Graham.  Evans said that, at the
time of trial, she was serving time in prison as a result of being a
codefendant in this case.  She said that appellant stayed at her house “all the
time” and that appellant and Bryant were staying at her house when the officers
searched it.  Evans said that appellant and Bryant had been staying there for
four days.  Evans testified that she, appellant, and Bryant got high smoking
crack the night before the search.  Evans said that appellant often provided
cocaine to her.  She said that, on the day of the search, appellant showed her
a plastic bag of cocaine.  She said that appellant was cooking cocaine on a
spoon when the officers arrived to perform the search.  She said that appellant
threw the spoon and a lighter under the love seat in the living room and that
appellant and Bryant ran into the kitchen.  Evans testified that the cocaine
the officers found behind the washing machine belonged to appellant.

Analysis

            Appellant
contends that the evidence is legally insufficient to affirmatively link him to
the cocaine and that, therefore, the State’s case rests entirely upon Evans’s
uncorroborated testimony that the cocaine belonged to him.  After reviewing all
the evidence, we hold that the evidence is legally sufficient to support the
jury’s verdict.  The State established a number of links between appellant and
the cocaine.  Appellant was present when the officers conducted the search. 
Appellant attempted to flee when the officers arrived.  The officers found the
cocaine behind the washing machine in the kitchen.  Officer Rogers detained
appellant in the kitchen.  The officers found other contraband and drug
paraphernalia in the living room, the bedroom, and the kitchen.  These facts
linked appellant to the cocaine.  See Evans, 202 S.W.3d at 162 n.12. 
The evidence linking appellant to the cocaine corroborated Evans’s testimony
that the cocaine belonged to him.  Based on the evidence, a rational jury could
have found beyond a reasonable doubt that appellant knowingly possessed the
cocaine.  Appellant’s issues are overruled.

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

                      

July 7, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[3]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[4]

 









[1]Jackson
v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).





[3]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[4]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.